<p style="text-align:center;color:red;">CORRECTED</p>

# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-1669V

| | |
|---|---|
| ANGELINA DIAZ,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: June 18, 2025 |

*Catherine Wallace Costigan*, Maglio Christopher & Toale, PA, Washington, DC, for Petitioner.

*Meghan Murphy*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On November 10, 2022, Angelina Diaz filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered Guillain Barré syndrome ("GBS") as a result of an influenza vaccine administered to her on January 9, 2020. *See* Petition. On December 13, 2024, I issued a decision awarding damages following briefing by the parties. ECF No. 42.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $61,506.69, representing $59,947.50 for attorney's fees, $1,536.19 for attorney costs, and $23.00 for Petitioner's out-of-pocket litigation costs). Petitioner Application for Attorneys' Fees, filed Jan. 17, 2025, ECF No. 46. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that he incurred $23.00 in out-of-pocket expenses. ECF No. 46-4.

Respondent reacted to the motion on February 3, 2025, representing that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 47. The same day, Petitioner filed a reply, reiterating her request for attorney's fees and costs.[3] ECF No. 48.

Having considered the motion along with the invoices and other proof filed in connection, I find a reduction in the amount of fees to be awarded appropriate, for the reason set forth below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

---

[3] In this filing, Petitioner did not mention the $23.00 in personal litigation costs that she seeks. ECF No. 48.

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The rates requested for work performed through the end of 2024 are reasonable and consistent with our prior determinations, and will therefore be adopted. For work performed by Ms. Costigan in 2025, Petitioner is requesting the hourly rate of $435.00, representing an increase of $40.00 from the previous year. ECF No. 46-2 at 17-18. Although a larger increase than I usually would approve, I find this 2025 rate is reasonable and within the OSM fee schedule for attorneys with Ms. Costigan's experience. Thus, I will award the requested 2025 rate.

However, a few of the tasks performed by Ms. Costigan are more properly billed using a paralegal rate.[4] "Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). **This reduces the amount of fees to be awarded by $197.40.[5]**

Regarding the time billed, I note this case required additional briefing regarding damages. *See* Petitioner's Memorandum in Support of Damages for Findings of Fact and Conclusions of Law Regarding Damages, filed Apr. 17, 2024, ECF No. 37; Petitioner's Reply to Respondent's Response Regarding Damages, filed June 5, 2024, ECF No. 40. Petitioner's counsel expended approximately 15.2 hours drafting the brief and 8.7 hours drafting the responsive damages brief, for a combined total of 23.9 hours. ECF No. 46-2

---

[4] These entries, drafting basic documents such as an exhibit list, cover sheet, and statement of completion, are dated as follows: 11/29/22, 5/15/23, 6/8/23, 7/26/23, and 4/16/24. ECF No. 46-2 at 7, 9, 11,15.

[5] This amount consists of ($345 - $177) x. 0.4 hrs. + ($370 - $186) x 0.6 hrs. + ($395 - $197) x 0.1 hrs. = $197.40.

3

at 13-15. I find this amount of time to be reasonable and will award the attorney's fees requested.

## ATTORNEY AND PETITIONER COSTS

Petitioner has provided supporting documentation for all claimed costs. ECF No. 46-3. And Respondent offered no specific objection to the rates or amounts sought. ECF No. 47.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$61,309.29, representing $59,750.10 for attorney's fees, $1,536.19 for attorney costs, and $23.00 for Petitioner's out-of-pocket litigation costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[6]

**IT IS SO ORDERED.**

<div style="text-align:right">

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

</div>

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.